## No. 3718.—J. M. WELLS *v.* BERNARD ERSTEIN.

A suit for the settlement of a partnership which has been dissolved cannot be maintained by one of the partners if the other partner shows that a settlement of the partnership has been made.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn*, J. *James G. White*, for plaintiff and appellee. *Thomas C. Manning*, for defendant and appellant.

WYLY, J. The plaintiff sues for the settlement of the partnership which he says existed between him and the defendant in a dry goods and grocery business in Matamoras, beginning in August, 1864, and terminating in July, 1865, and in which he alleges he invested $2800. He also avers that the profits of the said copartnership from its formation to its close were considerable, amounting, as he believes, to about $2000.

The defense is that the partnership which was formed in New Orleans was illegal, because the shipping of goods to Matamoras was prohibited by the United States authorities at the time; also, that the defendant has long since made a full settlement with the plaintiff,

The court gave judgment for plaintiff for $1400, and the defendant appeals.

The defense of settlement is a good one. It appears that the defendant made a final settlement with the plaintiff when the partnership ended in 1865, that the plaintiff examined the day book, the only one kept by the defendant, who was intrusted with the sole administration of the partnership, and after ascertaining that there was only $800 in gold coming to him, accepted that sum, and gave his receipt in full. The written article of partnership between them was then destroyed by mutual consent.

The plaintiff has failed to show that he made this settlement in error, or that the defendant practiced a fraud upon him in obtaining it. We therefore conclude by it:

That the defendant gave Kahnagel an interest in his share of the partnership is no reason for the plaintiff to complain; it caused him no loss. "Every partner may, without the consent of his partners, enter into a partnership with a third person for the share which he has in the partnership." * * * Revised Code, 2871.

It is therefore ordered that the judgment appealed from be annulled and that plaintiff's demand be rejected with costs of both courts.

Rehearing refused.